## ANDREWS *v.* CHENEY.

If one standing in the situation of a stake-holder, receive of one party a sum of money, and take from the other his note for an equal sum, agreeing to account for it to the first named party as money, the maker of the note can not maintain an action against the stake-holder for money had and received, upon the happening of an event which entitles both parties to withdraw their stakes.

Assumpsit for money had and received. The plaintiff and one Page who was a selectman of Bradford, had a conversation concerning the valuation that had been made of their property by the selectmen, which resulted in an agreement to exchange their respective estates at the valuation so made, and to go forthwith to a place which they agreed upon, and execute mutual bonds with penalties to secure the performance of their agreement. They also agreed to deposit with the defendant who heard the conversation, fifty dollars each, to be forfeited to the other by the party who should refuse to execute the proposed bond. Page deposited that sum, but the plaintiff, not having so much money with him gave his note for fifty dollars payable to the defendant, and which the defendant agreed to hold and account for as cash to Page. Owing to some

disagreement between the plaintiff and Page, as to the property to be included in the bond, these papers were not executed; and some weeks afterward, on the 28th of August 1844, the plaintiff demanded of the defendant the sum of one hundred dollars as being in his hands and as forfeited to the plaintiff by the default of Page in regard to the bonds.

This action was, upon the defendant's refusal, brought to recover that sum; and upon the trial the court instructed the jury, that if the failure of the parties to execute the bonds according to their agreement, was owing to the fault of the plaintiff, he could recover nothing in this action, if to that of Page, the verdict should be for the whole sum deposited in favor of the plaintiff; but if neither party was willing to make a bond and both were equally in fault, each would have a right to take back this deposit or stake, and the plaintiff would consequently be entitled to recover of the defendant fifty dollars upon the demand made and the refusal.

The jury found specially that both parties were equally in fault in refusing to execute the bonds as agreed, and returned a verdict assessing damages for the plaintiff accordingly in the sum of $51.75, being the sum of money deposited, with interest from the demand. Which verdict the defendant moves to set aside by reason of the supposed error in the court's instructions. The case was transferred to this court.

*Tappan,* and *Bartlett,* for the plaintiff.

*Pierce & Fowler,* for the defendant.

GILCHRIST, J. The plaintiff did not deposit with the defendant either money or money's worth. The defendant took the plaintiff's note, and to accommodate him, agreed to account with Page for it as money. He did not

Andrews *v.* Cheney.

agree so to account for it to the plaintiff. Page had a right to consider it cash, for such was the agreement. The plaintiff gave his note to Cheney for $50, and thereupon became liable to pay him that sum upon a contingency which has not happened, and perhaps may not. He now seeks to convert that act into a promise of the defendant to pay him that sum.

The instructions were therefore erroneous in this particular. Unless the plaintiff had a claim to the stake deposited by Page, he had no cause of action on account of money received by the defendant.

The verdict must therefore be set aside and a

*New trial granted.*